IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ANTHONY LEROY DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 3:11-CV-165-CAR-CHW |
| | : | |
| JACKSON COUNTY PRISON, et al., | : | |
| | : | |
| Defendants. | : | |

_____

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Currently before the Court is Plaintiff Anthony Leroy Davis' untimely Motion [for] Relief from Judgment [Doc 8].  Because Plaintiff has demonstrated no grounds for reconsideration, the Motion is **DENIED.**

As the Court noted in its original order denying Plaintiff's request to proceed *in forma pauperis* [Doc. 3], Plaintiff has accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g), and thus could not proceed *in forma pauperis* unless he alleged the existence of a present, imminent danger of serious physical injury.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff then filed a Motion to Amend/Correct Motion to Proceed *in forma pauperis* [Doc. 7], which the Court denied.  Plaintiff now seeks reconsideration of this Court's Order denying his Motion to Amend/Correct Motion to Proceed *in forma pauperis* [Doc. 7].  Plaintiff's Motion is practically indecipherable, but he seems to assert

that he has not accumulated "three strikes," and that this Court should not have applied the imminent danger standard in denying his request to proceed *in forma pauperis*.

While Local Rule 7.6 contemplates motions for reconsideration, it provides that they must be filed within 14 days after the entry of an order and cautions that "Motions for Reconsideration shall not be filed as a matter of routine practice."  Despite this warning, Plaintiff has now filed two meritless motions for reconsideration [Docs 6 and 8].  Further, Plaintiff filed his current Motion nearly three weeks after this Court's order, so it is untimely.

Motions for reconsideration are only appropriate where: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. McCoy v. Macon Water Auth., 966 F. Supp. 1209 (M.D. Ga. 1997).  "A motion for reconsideration is not an opportunity for the moving party … to instruct the court on how the court could have done it better the first time." Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'r, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  Plaintiff's motion simply expresses disagreement with this Court's prior Order, and presents no intervening change in law, no previously unavailable evidence, and no clear error of law.  Thus, Plaintiff's Motion [for] Relief from Judgment [Doc. 8] is **DENIED.**

SO ORDERED, this 20th day of January, 2012.

                                              <u>S/ C. Ashley Royal</u>
                                              C. ASHLEY ROYAL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

AES